UNITED STATES of America, Plaintiff–Appellee,

v.

Francisco Rafael TURINO–TURINO, Defendant–Appellant.

No. 05–40835. Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided April 11, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Francisco Rafael Turino–Turino appeals his guilty-plea conviction and sentence for being unlawfully found in the United States after deportation, having previously been convicted of an aggravated felony.

---

He argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

The Government seeks enforcement of the waiver provisions in Turino–Turino's plea agreement. We decline ruling on the applicability of the waivers because his constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Turino–Turino contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Turino–Turino properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.